**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **Madison Lontz, Jessicia Williams and Maxwell Mendes Baltazar on behalf of themselves and all individuals similarly situated**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Richard's Restaurant Inc.**<br>**d/b/a Richard's Rendezvous**<br><br>**Defendant.** | **CIVIL ACTION NO. 3:26-cv-35** |

## COMPLAINT

COMES NOW Plaintiffs Madison Lontz ("Lontz"), Jessica Williams ("Williams") and Maxwell Mendes Baltazar ("Baltazar") (hereinafter collectively "Plaintiffs" or "Class Representatives"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, respectfully moves for judgment against Defendant Richard's Restaurant Inc. d/b/a Richard's Rendezvous ("Defendant" or "Richard's").

### INTRODUCTION

1.      Plaintiffs bring this action against Defendant for: failing to pay their employees in accordance with the Fair Labor Standards Act ("FLSA") (Count I is brought as collective action ("opt-in") under the FLSA), unpaid minimum wages under Va. Code § 40.1-28.9 (Count II is brought as a class action pursuant to Rule 23) and nonpayment of wages under Va. Code § 40.1-29 (Count III is brought as a class action pursuant to Rule 23);

2.      Count I of this complaint seeks relief for claims for unpaid overtime in violation

of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, arising out of work that Plaintiffs individually, and others similarly situated, performed for the benefit and at the direction of the Defendant. Plaintiffs bring their FLSA claim as a collective action on behalf of themselves and those similarly situated ("Plaintiffs and the Putative Collective Members") against Defendant.

3. Count II of this complaint seeks relief for claims for unpaid minimum wages in violation of the Virginia Minimum Wage Act ("VMWA") Va. Code § 40.1-28.8 *et seq*. Plaintiffs bring their claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and those similarly situated ("Plaintiffs and the Putative Class Members") against Defendant.

4. Count III of this complaint seeks relief for claims for nonpayment of wages pursuant to the Virginia Wage Payment Act ("VWPA") Va. Code § 40.1-29. Plaintiffs bring their claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and those similarly situated against Defendant.

5. Plaintiffs ask that if Counts I, II, or III are not certified as a collective or class action that they be permitted to proceed individually with these claims. Plaintiffs' consents to join this lawsuit are attached hereto as **Exhibit 1**.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that the Plaintiffs raise a question of federal law.

8.      This Court has supplemental jurisdiction of all Virginia state claims pursuant to 28 U.S. Code § 1367 in that the Virginia claims are so related to the federal claim and such claims form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

10.     Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## PARTIES

11.     Baltazar is a resident of Virginia who was employed by Defendant as a performer and entertainment employee. Baltazar was an "employee" as contemplated by the FLSA, Va. Code §§ 40.1-2 and 40.1-28.9.

12.     Lontz is a resident of  Pennsylvania who was employed by Defendant as a performer and entertainment employee. Lontz was an "employee" as contemplated by the FLSA, Va. Code §§ 40.1-2 and 40.1-28.9.

13.     Williams is a resident of Virginia who was employed by Defendant as a performer and entertainment employee. Lontz was an "employee" as contemplated by the FLSA, Va. Code §§ 40.1-2 and 40.1-28.9.

14.     Richard's Restaurant Inc. d/b/a Richard's Rendezvous is a Virginia Stock Corporation with its principal office located at 1732 Altamont Ave. Richmond, VA, 23230. Richard's is also known by the name Richard's Restaurant & Gentleman's Club. Richard's meets the definition of "employer" as contemplated by the FLSA, Va. Code §§ 40.1-2 and 40.1-28.9.

3

15.     Upon information and belief, Susan DeWitt ("DeWitt") is the owner and operator of Richard's. DeWitt had ultimate authority over corporate operations as well as Plaintiffs' terms and conditions of employment.

## FACTUAL ALLEGATIONS

16.     Defendant operates an adult-oriented entertainment facility located at 1732 Altamont Ave, Richmond, VA 23230.

17.     Baltazar was employed as an entertainer by Defendant from approximately November 2021 to February 2024.

18.     Lontz was employed as an entertainer by Defendant from approximately June 2023 to October 2023.

19.     Williams was employed as an entertainer by Defendant from approximately August 2023 to January 2024.

20.     The primary duty of an entertainer is to dance and entertain customers.

21.     Upon information and belief, DeWitt has ultimate control over all operations, including pay policies, at Richard's.

22.     DeWitt decides who is suspended, fined, hired and fired at the club. Upon information and belief, DeWitt sets hiring criteria based on the overall look and atmosphere she wants to present at the club.

23.     Plaintiffs' duties were to dance for and interact with Defendant's customers.

24.     Baltazar regularly worked 15-18 hours per week. Baltzar was regularly scheduled to work five (5) shifts per week but frequently worked double and additional shifts.

25.     Lontz regularly worked six to nine (6-9) hours per week. Lontz was regularly

scheduled to work two to three (2-3) shifts per week.

26.    Williams regularly worked 12-15 hours per week. Williams was regularly scheduled to work four to five (4-5) shifts per week but frequently worked double and additional shifts.

27.    A shift at Richard's lasts three (3) hours.

28.    Plaintiffs were compensated almost exclusively through tips from Defendant's customers and a portion of the sales that they made.

29.    In addition to not paying Plaintiffs minimum wage, Defendant also deducted fees every shift that Plaintiffs worked. Effectively, Plaintiffs had to pay to work for the Defendant.

30.    As set out in the Entertainer Work Agreement, all entertainers at Richard's were required to pay a "house fee," which is a mandatory $10.00 amount that Plaintiffs and those similarly situated had to pay in order to work a shift. *See* **Exhibit 2**.

31.    In addition, as set out in the Entertainer Work Agreement, all entertainers at Richard's were required to pay $10.00 or 10% of their earnings–whichever was higher–to the disc jockey ("DJ"). *See* **Exhibit 2**.

32.    Plaintiffs were required to pay these amounts regardless of whether they earned any tips during their shift.

33.    29 CFR § 531.54(c)(1) provides an "employer may require an employee for whom the employer takes a tip credit to contribute tips to a tip pool only if it is limited to employees who customarily and regularly receive tips"

34.    DJs do not customarily and regularly receive tips.

35.    29 C.F.R. § 531.54(c)(3) provides "an employer may not receive tips from such a

5

tip pool and may not allow managers and supervisors to receive tips from the tip pool."

36.    A "house fee" violates 29 C.F.R. § 531.54(c)(3)'s prohibition against tip pooling with managers and supervisors.

37.    In addition, 29 C.F.R. § 531.35 provides "wages" are not considered to have been paid unless they are "free and clear".

38.    Defendant's policy of requiring Plaintiffs and those similarly situated to "kick back" a portion of their wages to the house violates the "free and clear" requirement.

39.    Plaintiffs were also subject to various monetary fines if they were late to a shift or wore the wrong outfit.

40.    Pursuant to the FLSA, Defendant is obligated to pay minimum wage for all hours worked.

41.    At all relevant times, Defendant's pay practices were intended to deprive Plaintiffs of the minimum wage pay that they were entitled to under the FLSA. Therefore, Defendant willingly violated, and acted with reckless disregard for, Plaintiffs' rights under the FLSA.

42.    Dancing is an integral part of Richard's operations.

43.    Defendant needs entertainers to successfully and profitably operate their business model.

44.    The position of entertainer requires no managerial skill of others.

45.    The only requirements to become an entertainer at Richard's are "physical attributes" and the ability to dance. The position of entertainer requires little other skill or education, formal or otherwise.

6

46.     Plaintiffs' source of monies came in the form of gratuities received directly from customers, a portion of which Plaintiffs were required to pay to Defendant.

47.     Defendant's method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. The fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such fines and fees.

## COLLECTIVE ACTION ALLEGATIONS FOR FLSA CLAIM

48.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in paragraphs 1-47 as though fully set forth herein.

49.     Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant as dancers/entertainers at any time during the three (3) years prior to the commencement of this action to present.

50.     Plaintiffs have actual knowledge that FLSA Collective Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiffs worked with other dancers/entertainers at Richard's. As such, Plaintiffs have firsthand personal knowledge of the same pay violations throughout Defendant's club. Furthermore, other dancers/entertainers at Defendant's club have shared with Plaintiffs similar pay violation experiences as those described in this Complaint.

51.     Defendant violated 29 U.S.C. § 203(m)(2)(B) and the related regulations at 29 C.F.R. § 531.52-54 because they did not allow Plaintiffs to retain all of their respective tips and instead required that Plaintiffs pay the house of $10.00 per shift and pay the DJ $10.00 or 10% of their tips, whichever was higher.

52.    FLSA Collective Members perform or have performed the same or similar work as the Plaintiffs.

53.    FLSA Collective Members regularly work or have worked and did not receive the federal minimum wage.

54.    FLSA Collective Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

55.    As such, FLSA Collective Members are similar to Plaintiffs in terms of job duties, pay structure, the denial of minimum wage and forced illegal tip pooling and pay kickbacks.

56.    Defendant's failure to pay compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices in which Defendant requires Plaintiffs to tip pool with employees who do not regularly and customarily receive tips and or pay kickbacks.

57.    The experiences of Plaintiffs with respect to their pay are typical of the experiences of the FLSA Collective Members.

58.    Defendant's policy of knowingly demanding illegal tip pooling and kickbacks amounted to a willful or reckless disregard of the employees' rights under the FLSA.

59.    Defendant had no good faith basis to believe that these tip pools and kickbacks were lawful.

60.    Plaintiffs assert that Defendant's willful disregard of the FLSA described herein entitles Plaintiffs individually and the FLSA Collective Members to the application of the three (3) year limitations period.

61.    At all relevant times, Plaintiffs and the FLSA Collective Members have been

entitled to the rights, protections, and benefits provided under the FLSA.

## CLASS ACTION ALLEGATIONS FOR CLAIMS UNDER VIRGINIA LAW

62.     Plaintiffs incorporate by reference and re-allege the preceding paragraphs as though fully set forth herein.

### A.  Class Definition

63.     Plaintiffs, the Rule 23 Class Representatives, seek to maintain claims pursuant to Va. Code §§ 40.1-29 and 40.1-28.8 *et seq.*, individually and on behalf of classes of current and former entertainers who:

> a.  worked for Defendant during any time in the three (3) years preceding the filing of this complaint and had to pay a "house fee" and DJ fee in order to work.

64.     On information and belief, Plaintiffs and all others similarly situated were made to assent to the same pay scheme and the same work requirements.

### B.  Efficiency of Class Prosecution of Common Claims

65.     Certification of current and former entertainers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Plaintiffs and the Putative Class Members. Conversely, proceeding on an individual basis will require the filing of potentially scores of duplicative individual suits which will waste judicial time and resources and create the risk of inconsistent or varying adjudications of common issues.

### C.  Numerosity and Impracticality of Joinder

66.     On information and belief, the class which the Class Representatives seek to

9

represent is forty (40) or more individuals due to high turnover, such that joinder is impracticable.

### D. Common Questions of Law and Fact

67.    Defendant's use of entertainers and the propriety of their pay scheme(s) present common issues of fact in this matter. Moreover, the challenged pay practices apply uniformly and present identical questions of law and fact with respect to the Class Representatives and those whom they seek to represent.

### E. Typicality of Claims and Relief Sought

68.    The claims of the Class Representatives are typical of those of the class members as a whole in that their claims are based on the same contract and business and compensation practices. The relief sought by the Class Representatives for unpaid wages is also typical of the relief which is sought on behalf of the class.

### F. Adequacy of Representation

69.    Plaintiffs are adequate class representatives; Plaintiffs interests are co-extensive with those of the members of the proposed classes whom they seek to represent.  Plaintiffs have intimate knowledge of the duties and the Defendant's relevant pay practices. Plaintiffs are committed to being representatives of the classes and have retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

### G. Rule 23(B)(3) Requirements

70.    Common questions of law and fact predominate over any questions affecting only individual members because the basis of the claims herein is the common application of the nonpayment of wages by Defendant. Such policies and practices are applicable to all class

members.

71.     A class action is superior to other available methods for adjudicating the controversy because other methods would involve the filing of numerous individual claims that are based on the same centralized scheduling and compensation facts and the same legal issues regarding same. Numerous individual cases similar to Plaintiffs' would clog the Court's docket and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue(s) could lead to inconsistent or varying adjudications of the same issue(s).

72.     The Putative Class Members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized contractual compensation practices and their recovery in either an individual or class action will be based on the amount of wages, or other damages that each Plaintiff has been denied by Defendant.

73.     The Class Representatives and counsel are not aware of any other litigation concerning the controversy that has already begun by proposed class members within the Commonwealth of Virginia.

74.     It is desirable to concentrate the claims in this forum because the employment practices complained with respect to the Class Representatives occurred in this forum.

75.     Class Representatives and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

## COUNT I
### Illegal Tip Pooling and Kickbacks: Violations of the FLSA, 29 U.S.C. § 203(m), 29 C.F.R. § 531.35, 29 C.F.R. § 531.52-54 (Collective Action)

76.     Plaintiffs incorporate by reference and re-allege the preceding paragraphs as though fully set forth herein.

77.     Defendant is engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

78.     Defendant operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

79.     Defendant required Plaintiffs to pool their tips with the Defendant's managers and supervisors in the form of a "house fee" and with the DJ, who did not work in a position that is customarily and regularly tipped, in violation of 29 U.S.C. § 203(m) and the related regulations at 29 C.F.R. § 531.52-54.

80.     Being forced to pay the house is a direct violation of 29 U.S.C. § 203(m)(2)(B) and the related regulations at 29 C.F.R. § 531.52-54, which prohibits managers and supervisors from keeping any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

81.     Defendant's insistence that Plaintiffs pay a "house fee" and DJ fee derived solely from their tips is a *per se* violation of the FLSA's prohibition of management sharing in tips.

82.     Defendant's requirement that Plaintiffs pay a "house" fee and a portion of their tips to the DJ also violated the "free and clear" requirement of 29 C.F.R. § 531.35.

83.     Because Defendant violated the "free and clear" requirement of 29 C.F.R. §

531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

84.     Because Defendant violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiffs are classified as illegal kickbacks.

85.     Defendant did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiffs and the Putative Collective.

86.      At the time of their conduct, Defendant knew or showed reckless disregard that the tip-pool which they required Plaintiffs and the Putative Collective to contribute included the DJ and the "house" and, therefore, was statutorily illegal. In spite of this, Defendant willfully failed and refused to pay Plaintiffs the proper amount of the tips to which they were entitled.

87.     Defendant's willful failure and refusal to pay Plaintiffs and the Putative Collective the tips they respectively earned violates the FLSA.

88.     Plaintiffs and the FLSA Collective are entitled to recover from Defendant all fees that Defendant required Plaintiffs to pay in order to work at Richard's, involving but not limited to house fees and tip sharing, plus interest, liquidated damages in ana amount equal to misappropriate tips, attorney's fees and costs.

## COUNT II
### Violation of Virginia Minimum Wage Act ("VMWA") Va. Code § 40.1-28.9 *et seq.* (Class Action)

89.     Plaintiffs incorporate by reference and re-allege the preceding paragraphs as though fully set forth herein.

90.     At all relevant times, Defendant has been an "employer" within the meaning contemplated by VMWA, Va. Code § 40.1-28.9.

13

91.     At all relevant times, Plaintiffs and the Putative Class were "employees" within the meaning contemplated by VMWA, Va. Code § 40.1-28.9.

92.     Plaintiffs and the Putative Class Members were covered employees entitled to the protections of VMWA, Va. Code § 40.1-28.8 *et seq.*

93.     The VMWA required that prior to May 1, 2021, employers pay their employees the federal minimum wage. Va. Code § 40.1-28.10(A).

94.     From May 1, 2021, until January 1, 2022, the VMWA required that every employer pay its employees' wages $9.50 per hour.

95.     From January 1, 2022, until January 1, 2023, the VMWA required that every employer pay its employees' $11.00 per hour. Va. Code § 40.1-28.10(C)

96.     From January 1, 2023, until January 1, 2025, the VMWA required that every employer pay its employees $12.00 per hour. Va. Code § 40.1-28.10(D).

97.     Defendant's violation of the "free and clear" requirement at 29 C.F.R. § 531.35 removes Defendant's ability to utilize the tip credit and entitles Plaintiffs and the Putative Class to Virginia's minimum wage.

98.     Plaintiffs and the Putative Class Members seek to recover their unpaid wages owed to them as a result of Defendant's refusal to pay Plaintiffs and the Putative Class Members at least minimum wage.

99.     Plaintiffs and the Putative Class Members suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein. Defendant is in possession and control of necessary documents and information from which Plaintiffs and the Putative Class Members would be able to precisely calculate their damages.

14

100.    Defendant has knowingly violated Va. Code § 40.1-28.8 *et seq.* by failing to pay Plaintiffs and the Putative Class Members the minimum wages for required working time.

101.    Plaintiffs, and others similarly situated, are entitled to damages. Pursuant to VMWA at § 40.1-28.12, Plaintiffs and those similarly situated are entitled to recover payment of their unpaid wages, prejudgment interest, and attorney's fees.

**COUNT III**
**Violation of Virginia Payment Act ("VWPA") Va. Code § 40.1-29 *et seq.* (Class Action)**

102.    Plaintiffs incorporate by reference and re-allege the preceding paragraphs as though fully set forth herein.

103.    Plaintiffs, and others similarly situated, entertained Defendant's customers for tips.

104.    Defendants knowingly violated the VWPA, Va. Code § 40.1-29 by forcing Plaintiffs and the Putative Class Members to "kickback" $10.00 to the house and $10.00 or 10% of their earnings, whichever was higher, to the DJ, every shift.

105.    Defendant's illegal kickback scheme deprived Plaintiffs and the Putative Class of wages earned.

106.    Plaintiffs and the Putative Class Members suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein.

107.    Defendant is in possession and control of necessary documents and information from which Plaintiffs and the Putative Class Members would be able to precisely calculate their damages.

108.    Plaintiffs, and others similarly situated, are entitled to damages. Pursuant to VWPA at § 40.1-29(J), Plaintiffs and those similarly situated are entitled to recover payment of

15

their unpaid wages that they were forced to "kick back", an equal amount of liquidated damages, prejudgment interest, and attorney's fees. Further, Defendants' acts amounted to a "knowing" violation of the VWPA, thus entitling Plaintiff and Putative Class Members to recovery of triple damages.

## RELIEF REQUESTED

Wherefore, Plaintiffs request the following Relief against Defendant:

A.      Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiffs, as defined in the proposed collective action above, of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b);

B.      Designate this action as a collective action pursuant to 29 U.S.C. § 216(b) for the FLSA claim asserted in Count I;

C.      Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.;*

D.      Enter judgment awarding Plaintiffs, and all similarly situated current and former employees, actual compensatory damages in the amount shown to be due for unpaid minimum wages, with pre-judgment interest, against Defendant;

E.      Enter judgment that Defendant's violations of the FLSA were willful;

F.      Certify this action asserting the Putative Class Members rights under Va. Code § 40.1-28.8 *et seq*. (VMWA) and Va Code. § 40.1-29(J) (VWPA), to proceed as a class action, pursuant to Rule 23 Fed. R. Civ. P, upon Plaintiffs' filing of a motion for class certification, with notice to those employees and former employees similarly situated to Plaintiffs, as set forth in the respective proposed class definitions above;

G.      Award wages owed, an additional equal amount as liquidated damages, and triple damages for a "knowing" violation, prejudgment interest under Va. Code § 40.1-29(J) (VWPA)

H.      Award minimum wages and prejudgment interest under Va. Code § 40.1-28.12 (VMWA);

I.      Award reasonable attorneys' fees and costs expended in the prosecution of this case pursuant to the FLSA, Va. Code §§ 40.1-29(J) and 40.1-28.12; and

J.      Any and all further relief permissible by law.

Plaintiffs respectfully demand **TRIAL BY JURY**.

Respectfully submitted,

**Madison Lontz, Jessica Williams and Maxwell Mendes Baltazar on behalf of themselves and all individuals similarly situated**

By: */s/ Samantha R. Galina*

Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Fax: (804) 237-0413
craig@butlercurwood.com
zev@butlercurwood.com
samantha@butlercurwood.com

17